On the 15th of November, the President delivered the opinion of the cozzrt as follows :
Shippen, President.
The justice and faiz-ness of the transaction, on the part of the plaintiff, is so obvious ; and the consent of the parties to consolidate the actions, is so naturally implied from the whole of the proceedings, that my brethren (a) think the report ought to be confirmed.
For myself, I doubt the legality of it, because I do not see how it is possible to-enter judgment upon the report, so as to avoid error-. The consolidation of actions is intended to save expense, and might have been oz-dered by the court on motion ;(b) but this agreement of the parties does not ap *152 pear to me to amount to a consolidation, there being five several rules of reference in the five several actions ; and though, indeed, the referees have undertaken to consolidate them, I much doubt their authority so to do. Instead of finding a gross sum due on all the notes, they might have found what was due on each note, and have reported the several sums on the separate rules of reference. However, as my brethren think the report ought to stand, let it be confirmed, and the plaintiff may make up the record as he thinks safest, (a)
Report confirmed.

 Fleeson and William Rush, Justices.

 Merrihew v. Taylor, 1 Bro. App’x lxviii.; Rumsey v. Wynkoop, 1 Yeates 5; Prior v. Kelly, 4 Id. 128.

 In Groff v. Musser, 3 S. & R. 264, C. J. Tilghman, speaking of Brown v. Scott, said, “President Shippen thought that he arbitrators had no right to consolidate; and although he was overruled by his associates (who were not lawyers), yet I have always understood that his opinion has been held for law.” The case of Hart v. James, in the supreme court, post, p. 355, confirms the opinion of President Shippen; and in Groff v. Musser, the supreme court reversed a judgment of the common pleas, on the ground that arbitrators, under the act of 1810, had no right to consolidate, without the consent of the defendant. “ Whether the common pleas had power to direct an amendment,” said C. J. Tilghman, “is not so clear.” Judge Duncan was decidedly of opinion that they could not.